UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARLOS DANIEL DIAZ-MURILLO | ) | |
| | ) | |
| v. | ) | No. 3:06-00793 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government filed a response in opposition to the Motion (Docket Nos. 10), and the Petitioner filed a reply brief (Docket Nos. 13). Petitioner is now represented by counsel, Sumter Camp. Through counsel, Petitioner has filed an Amended Section 2255 Motion (Docket No. 22), and the Government has filed a response (Docket No. 23). The Court held an evidentiary hearing in this case on April 30, 2007. Based on the evidence adduced at that hearing, the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case, the Court concludes that Petitioner's Motion is GRANTED as set forth below.

Accordingly, the Court VACATES Petitioner's sentence, conviction, plea agreement, and acceptance thereof. On or before June 1, 2007, the parties shall each file a notice in the underlying criminal case, Case No. 3:05-00056, of the status of the proceedings in light of this Memorandum and Order.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner pled guilty to reentry by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326. (Docket Nos. 12, 18 in Case No. 3:05-00056). The Court sentenced the Petitioner to a term of 46 months imprisonment (Docket No. 19 in Case No. 3:05-00056).

## III. Analysis

### A. The Petitioner's Claims

In his original *pro se* Motion, Petitioner argued that his sentence is invalid, and that he received ineffective assistance of trial counsel because counsel failed to file an appeal challenging his sentence. (Docket Nos. 1, 2). Through the Amended Motion, the Petitioner claims that counsel should have advised Petitioner to plead guilty to the Indictment without entering into a plea agreement with the Government that contained an appeal waiver. (Docket No. 22).

### B. Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the underlying criminal proceedings. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

3

In order to show actual prejudice in the guilty plea context, the Petitioner generally must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). The Sixth Circuit has held that prejudice may also be established by showing that "there is a reasonable probability that the conditions of [the] guilty plea or [the] sentence would have been different but for his trial counsel's errors." Newman v. United States, 162 F.3d 1162 (Table), 1998 WL 553048 (6th Cir. 1998). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner contends that counsel in the underlying criminal case, Marc Walwyn, should not have advised him to enter into the Plea Agreement, which contained an appeal waiver. Rather, according to Petitioner, counsel should have advised him to enter a guilty plea without an agreement, and to seek a sentence below the advisory guideline range at sentencing under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and the Section 3553(a) factors, while maintaining the right to appeal his sentence. Petitioner contends that he would have received a lower sentence if trial counsel had better prepared for and presented mitigation evidence at the sentencing hearing.

Through the Plea Agreement entered in Petitioner's underlying criminal case, the Petitioner agreed to an estimated guideline range of 41 to 51 months. (Hearing Exhibit 1, at ¶ 11(c)). The Government and the Petitioner agreed to a sentence at the bottom of the guideline range "or 41 months." (Id., at ¶ 12). Petitioner also agreed to waive his right to appeal in certain circumstances. (Id., at ¶ 18).

The Presentence Investigation Report subsequently determined that the applicable guideline range was 46 to 57 months. (Docket No. 23 in Case No. 3:05-00056). At the sentencing hearing, Petitioner's attorney did not present any objections to the findings in the Report, nor did he introduce any proof. (Hearing Exhibit 3). The Government recommended a sentence at the bottom of the guideline range, as it had agreed, and the Court imposed a 46 month sentence. (Id.)

At the hearing in this case, the Petitioner testified that Mr. Walwyn did not explain the option of pleading guilty without a plea agreement, nor did he explain the effect of Booker on the potential sentence he could obtain. Petitioner testified that had he known of the effect of Booker, he would have chosen to plead guilty without an agreement, and argue for a sentence below the advisory guideline range at the sentencing hearing.

Mr. Walwyn testified that at the time he represented the Petitioner, he was not aware of the Booker decision or that it rendered the sentencing guidelines advisory instead of mandatory. He said he did not consider the option of pleading guilty without an agreement and requesting a sentence below the guideline range. Mr. Walwyn also testified that he did not understand the difference between a plea agreement containing a binding sentence under Fed.R.Crim.P. 11(c)(1)(C), and a plea agreement with a recommended, non-binding sentence. Mr. Walwyn stated that the Petitioner's case was his first solo federal criminal case, and that he had had no prior experience with the federal sentencing guidelines.

Based on the evidence adduced at the hearing, the Court finds that Petitioner's attorney provided ineffective assistance of counsel given his lack of knowledge of the Booker decision and its effect on guideline sentencing, and his failure to understand the difference between a

5

binding plea agreement and one containing a recommended sentence. Given this misunderstanding of pivotal elements of the federal criminal justice system, counsel's advice to the Petitioner to enter into the Plea Agreement cannot be characterized as a strategic decision, and is outside the range of reasonable professional assistance.

The Court also finds that actual prejudice resulted from counsel's deficient representation. Petitioner likely received a higher sentence because his counsel was unaware that he could rely on the <u>Booker</u> case at sentencing to argue for a lower sentence. The Court also notes that its prior sentencing decisions seriously consider the expectations of the parties concerning the anticipated sentencing range as set forth in a plea agreement. Even though that expectation was undermined by the findings and calculations in the Presentence Investigation Report, Petitioner's counsel did not register any objections to the Report nor did he argue for the lower 41 month sentence recommended by the parties or any other lower sentence at the sentencing hearing. Petitioner was prejudiced by this failure.

Under these circumstances, the Court concludes that Petitioner's Motion should be granted on this issue. Petitioner's other arguments are without merit.

## IV. <u>Conclusion</u>

For the reasons set forth herein, the Court concludes that Petitioner's Amended Motion filed under 28 U.S.C. § 2255 should be granted as set forth above.

It is so ORDERED.

                                                  _____
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE